Plaintiff instituted suit to annul his marriage to defendant. The moving papers set up that at the time of the marriage sought to be annulled, defendant had a lawful husband living, one William Hyman, and that her marriage to him was in full force and effect; that defendant obtained a Mexican divorce from Hyman which was a fraud upon the New Jersey court and upon plaintiff in that neither party was a bona fide resident of Mexico, nor submitted themselves to the jurisdiction of the Mexican court and further that the Mexican proceeding was grounded upon a cause not recognized by New Jersey as ground for annulment.
At final hearing plaintiff admitted that defendant had told him of her divorce but he said he did not know "what type of divorce she had." Defendant testified that the divorce decree was shown him at her sister's house and that he read it. The application for a license to marry, made in plaintiff's presence, set forth the tact of the Mexican divorce and justified the lower court's statement that "I think that he was aware of the manner in which his wife dissolved her previous marriage and that he can not now be heard to complain."
We hold that the plaintiff, under the evidence, is estopped from denying the validity of the Mexican divorce after he relied upon its validity to marry her.
The decree appealed from is affirmed with costs. *Page 106